# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### BLUEFIELD DIVISION

VICKIE LEONARD,                          )
                                     )
      Petitioner,         )
                                     )
v.                                       )                    Civil Action No. 1:06-0734
                                     )
DEBORAH HICKEY, Warden,                  )
FPC Alderson, West Virginia,             )
                                     )
      Respondent.         )

## PROPOSED FINDINGS AND RECOMMENDATION

On September 25, 2006, Petitioner,[1] acting *pro se*, filed an Application Under 28 U.S.C. § 2241

for Writ of Habeas Corpus by a Person in State or Federal Custody.[2] (Document No. 1.) Petitioner

alleges that the BOP is improperly and "categorically limiting the amount of time that a defendant can

serve at a halfway house." (Id.) Specifically, Petitioner states as follows:

> I wish to challenge the Warden, Deborah Hickey at Federal Prison Camp, Alderson
> W.V. Her decision not to uphold the change in B.O.P. Policy that is being implemented
> in Circuits 2, 3, 8 and others. I challenge Warden Hickey's policy of NOT
> implementing the Federal Court Order Return to B.O.P. policy PS 7310.04.
>
> The Second Circuit Court in Levine v. Apker (2nd Cir. 2006 F.3d 2590) holds that the
> B.O.P. (Bureau of Prisons) exceeded its statutory authority when it promulgated a
> February 2005 rule categorically limiting the amount of time that a defendant can serve
> at a halfway house to a maximum. The circuit upholds that the B.O.P. must consider

---

[1] Petitioner pled guilty in the United States District Court for the Southern District of Ohio to
five counts of "Wire Fraud" in violation of 18 U.S.C. § 1343. On December 16, 2005, the District
Court sentenced Petitioner to a 27 month term of imprisonment on each of the five counts to run
concurrently, to be followed by a two year term of supervised release. Petitioner did not appeal her
conviction. *United States v. Leonard*, Case No. 2:05-cr-00158 (S.D.Ohio Dec. 16, 2005). The
Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on January
25, 2008.

[2] Because Petitioner is acting *pro se*, the documents which she has filed are held to a less
stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See
Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

the offense, and the history and characteristics of the offender before determining whether a particular form of confinement is appropriate and for what period of time. The second district joined the Third and Eighth Circuits in invalidating the B.O.P. regulation. I am asking that the United States District of West Virginia and Ms. Hickey also invalidate the B.O.P. regulation.

I wish to cite Fults v. Sanders (8th Circuit 2006 F.3d 1088). The court of appeals Mallory, Circuit Judge, held that statutes governing placement by the B.O.P. of prisoners in prerelease custody did not authorize B.O.P. regulations limiting placement in community confinement. The court also held invalid 28 CFR §§ 570.20 and 570.21.

The 2nd, 3rd, and 8th Circuit Courts have held the statute governing placement by the B.O.P. of prisoners in prerelease custody did not authorize B.O.P. regulations limiting placement in Community Confinement. The enumerated factors in the B.O.P. statute governing placement in prerelease custody were mandatory. The purpose of the statute governing placement of prisoners placed in community confinement for the last six months of his/her sentence without regard to inlaid regulations. The Courts have ordered the B.O.P. immediately consider the inmate for transfer to a CCC in good faith and without reference to the 2002 and 2005 policies. Although the B.O.P. is not required to consider an inmate transfer at any particular time – other than its duty to provide appropriate prerelease conditions pursuant to Section 18 USC 3624(c) – it may rely on its invalid regulations for guidance.

The Court's decision in the Fults case did not specify or limit the application of the B.O.P. policy to a particular facility. It stated that the B.O.P., in general, will return to its old policy. It is not a geographic location, but the B.O.P. in totality. It is unreasonable to allow the B.O.P. to apply the exact same policy in different ways in different geographic locations. This has resulted in one group of federal prisoners that are housed in the 2nd, 3rd, and 8th districts as being able to benefit from the Circuit Courts' interpretation while the remaining federal prison population is subject to more narrow interpretation.

I challenge Warden Hickey, not implementing the court ordered return to PS 7310.04.

(Id., p. 5.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only

2

live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of her release from custody and the absence of collateral consequences, and therefore, her Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that

3

the District Court **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have thirteen (13) days from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: May 22, 2009.

R. Clarke VanDervort
United States Magistrate Judge

4